OPINION OF THE COURT
Joseph S. Mattina, S.
A motion has been brought before this court to determine who should be appointed successor custodian as to certain Treasury Bills for Mitzi Leib, David Leib, Daniel Leib and Mitchell Leib, minors, under the New York Uniform Gifts to Minors Act.
The facts indicate that on or about July 5, 1984, decedent Rose Leib set up four custodial Treasury Bills on behalf of her grandchildren under the Uniform Gifts to Minors Act. Subsequently, after the death of Rose Leib, the father of the above-named infants and son of the decedent, Lawrence Leib, and his wife, Rose Mary Leib, negotiated the mature Treasury Bills and redeposited the money back into Treasury Bills under the names of the above-mentioned children, naming Lawrence Leib and Rose Mary Leib as successor custodians.
*869 It should be noted that prior to the redeposit of the Treasury Bills in custodial form, Lawrence Leib had obtained a decree in Surrogate’s Court appointing himself and his wife, Rose Mary Leib, as successor custodians under the New York Gifts to Minors Act with respect to certain funds on deposit at Goldome Bank on behalf of the four above-named children, as was required by Goldome Bank. No such requirement was necessary by the Treasury Department. As to the Treasury Bills, the Treasury Department was satisfied with proof that Lawrence Leib and Rose Mary Leib were the natural parents of the children.
To determine the issue as to who should act as successor custodian over these funds, the court must first examine EPTL 7-4.3 (a), which states: "A gift made in a manner prescribed by this part is irrevocable and conveys to the minor indefeasibly vested legal title to the security, life insurance policy, annuity contract, interest as a limited partner of a limited partnership, interest in real property, interest in tangible personal property or money given”.
Title to the gifts, in this instance, rests with the minors named on each of the Treasury Bills under the Uniform Gifts to Minors Act, and therefore is not an asset of the estate. In such cases, eligibility to act as successor custodian is determined in EPTL 7-4.7 (d): "If a person designated as custodian * * * dies * * * before the minor attains the age of eighteen years, and if the minor has a guardian, the guardian of the minor shall be successor custodian. If the minor has no guardian and if no successor custodian who is eligible and has not died or become legally incapacitated has been designated as provided in paragraph (a), an adult may petition the court for the designation of a successor custodian.” (Emphasis added.)
EPTL 7-4.1 (h) defines guardian of minor as "the general guardian, guardian, tutor, conservator or curator of his property or estate appointed or qualified by a court of this state or another state.” Clearly, no provision is made by this section for a testamentary guardian. Further, SCPA 1711 (2) provides that "Where a will containing the appointment of a guardian is admitted to probate * * * the person appointed guardian must within 3 months thereafter qualify”. In this case, the testamentary guardian is petitioning for appointment well beyond the three-month time period, the will having been admitted to probate on February 18, 1986. It follows that *870 under EPTL 7-4.7 (d) any adult may petition for successor custodianship.
Wherefore, the court in its discretion under EPTL 7-4.7 (f) "to * * * grant such relief as [it] finds to be in the best interest of the minor”, hereby grants successor custodianship to Lawrence W. Leib and Rose Mary Leib, the natural parents of Mitzi Leib, David Leib, Daniel Leib and Mitchell Leib. Said successor custodianship is to be effective as of the date when the Treasury Bills were first set up pursuant to the Uniform Gifts to Minors Act.